UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

DANIEL RAY YATES            )
                            )
v.                          )     N0. 1:06-0029
                            )
MAURY COUNTY JAIL, et al.   )

To: Honorable Todd J. Campbell, Chief District Judge

# REPORT AND RECOMMENDATION

By order entered April 25, 2006 (Docket Entry No. 3), the Court referred this action to the Magistrate Judge for entry of a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the defendants' Motion for Summary Judgment (Docket Entry No. 11), to which the plaintiff has filed a response in opposition (Docket Entry No. 18).

For the reasons set out below, The court recommends that the motion be GRANTED and this action be dismissed.

## I. BACKGROUND

The plaintiff is a prisoner incarcerated in the Maury County Jail ("Jail") in Columbia, Tennessee. He filed this action pro se and in forma pauperis under 42 U.S.C. § 1983 seeking relief for violations of his constitutional rights alleged to have been committed at the Jail, where he has

been incarcerated since November 15, 2005. The defendants named in the complaint are the Jail and Maury County Sheriff Enoch George. Defendant George is sued in only his official capacity.

The plaintiff's first claim is that the Jail is overcrowded. He alleges that there are three and sometimes four men in a two person cell. He also alleges that the Jail does not have a formal grievance procedure and that he has not received a response to several grievances that he has submitted.

The plaintiff's second claim is that he has not been provided with proper medical care for dental problems. He asserts that he has not been given prompt treatment, has not been given pain medication that was prescribed for him, and has not been given a soft diet. He also alleges that he has not been able to obtain his medical records despite requesting them.

On May 25, 2006, defendant George and Maury County, Tennessee filed a joint answer (Docket Entry No. 9), in which they denied the allegations of wrongdoing.

The motion to dismiss sets out four grounds for summary judgment. First, the plaintiff did not exhaust the administrative remedies available at the Jail and, thus, the action must be dismissed pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Second, the Jail is not an entity which can be sued under 42 U.S.C. § 1983. Third, the claim asserted against defendant George in his official capacity is essentially a claim against his employer, the municipal government for Maury County, Tennessee, but the plaintiff has not alleged any facts supporting a claim of municipal liability. Fourth, the plaintiff has not suffered the deprivation of any constitutional right. The motion is supported by the affidavit of Debra Wagonschutz (Docket Entry No. 13), a Lt. Supervisor at the Jail; the affidavit of Floyd Sealey (Docket Entry No. 14), a registered nurse who works at the Jail; and with the defendants' Rule 8(b)(7) Statement of Undisputed Material Facts (Docket Entry No. 15).

In response to the motion, the plaintiff submits a response to the defendants' Rule 8(b)(7) Statement of Undisputed Material Facts and three pages of arguments as to why the action should not be dismissed. See Docket Entry No. 18. In his response, the plaintiff contends that he has filed many grievances about overcrowding and his medical complaints but has never received responses to the grievances. He further alleges that, while he did see a dentist, he had to unnecessarily suffer for two months despite requesting treatment, he had to wait three days for prescribed medication to be given to him, and the medication was changed by someone other than the doctor who prescribed it. Finally, the plaintiff states that he has access to only limited legal materials at the Jail and is having difficulty obtaining copies of paperwork which he contends would support his claims.

## II. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." The moving party must demonstrate that no genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.2d 60, 63 (6th Cir. 1979).

In considering a motion for summary judgment, the court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). The non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317,

3

324 (1986); Cloverdale Equipment Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material, and the dispute must be genuine. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. Id. at 248.

### III. CONCLUSIONS

Summary judgement should be granted to the defendants in this action and the action should be dismissed with prejudice. Based upon the evidence before the Court, no reasonable jury could find in favor of the plaintiff on his constitutional claims.

One of the two defendants named in this action is the Maury County Jail. The Maury County Jail is a building, however, and is not a person or a legal entity which can be sued under Section 1983. See Pianga v. Williams County Jail, 2006 WL 618912 (M.D. Tenn., March 10, 2006) (unpublished decision); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989). Accordingly, this defendant should be dismissed.

The other named defendant is Enoch George. Defendant George is sued in only his official capacity as the Maury County Sheriff. See Complaint (Docket Entry No. 1) at 4. A claim brought against an official named in his official capacity is essentially a claim against the entity for which he is an agent and is not a claim against him individually. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); Kentucky v. Graham, 473 U.S. 159, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); Matthews, 35 F.3d at 1049. In the instant case, the official capacity claim is a claim against the Maury County, Tennessee government.

In order to state such a claim, the plaintiff must set out facts which support a claim of municipal liability. This requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by the Maury County government. Monell v. New York City Department of Social Services, 436 U.S. 658, 690-691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In short, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. Otherwise, a Section 1983 claim will not lie. See City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); Doe v. Claiborne County, Tenn., 103 F.3d 495, 507-09 (6th Cir. 1996). The Maury County government cannot be held liable under a theory of respondeat superior merely because it employs an alleged wrongdoer. See Berry v. City of Detroit, 25 F.3d 1342, 1345 (6th Cir. 1994).

Summary judgment should be granted on the plaintiff's official capacity claim against defendant George for several reasons.

First, the plaintiff has not shown compliance with the Prison Litigation Reform Act ("PLRA"). The PLRA requires a prisoner plaintiff to exhaust all available administrative remedies before bringing an action "with respect to prison conditions under section 1983 of this title, or any other Federal law." See 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); Brown v. Toombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998). Under the PLRA, a plaintiff is required to show that his grievances identified each defendant who is sued. Thomas v. Woolum, 337 F.3d 720, 733-35 (6th Cir. 2003); Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). The plaintiff has not shown that the grievances he purportedly filed identified defendant George or the Maury County government and, as such, that he complied with the requirements of the PLRA.

5

Second, the plaintiff has not alleged any facts in his complaint or otherwise set forth evidence in his response to the summary judgment motion which shows that the alleged constitutional violations were because of a policy or regulation of the Maury County government. Although <u>pro se</u> complaints are held to less stringent standards than complaints prepared by an attorney, a complaint cannot rest on bare assertions of legal conclusions or personal opinions. The Court cannot conjure up unpled facts to support conclusory allegations. <u>See</u> <u>Wells v. Brown</u>, 891 F.2d 591, 594 (6th Cir. 1989). There are simply no facts before the Court which support a claim of municipal liability.

Finally, the Court agrees with the defendant that the plaintiff has not set forth facts which support a claim that his constitutional rights were violated. With respect to his complaint of overcrowding, he simply has not alleged facts showing a constitutional violation. Overcrowding in a prison setting is not itself a violation of the Constitution. <u>Rhodes v. Chapman</u>, 452 U.S. 337, 345-47, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Thus, the plaintiff's allegation that three or four people are sometimes in a "2 man cell" does not support a constitutional claim. The plaintiff has not set forth any proof linking the alleged overcrowding to the type of deplorable living conditions necessary to support a claim that his Eighth Amendment right to be free from cruel and unusual punishment was violated at the Jail. <u>Id</u>. at 348; <u>Ivey v. Wilson</u>, 832 F.2d 950, 954 (6th Cir. 1987); <u>Gilland v. Owens</u>, 718 F. Supp. 665, 682 (W.D. Tenn. 1989).

The plaintiff's complaint about shortcomings in the grievance procedure at the Jail fails to implicate his constitutional rights. There is not a protected constitutional interest in prison grievance procedures. <u>See</u> <u>Spencer v. Moore</u>, 638 F. Supp. 315 (E.D. Mo. 1986); <u>Azeez v. DeRobertis</u>, 568 F. Supp. 8 (N.D. Ill. 1982). A prison official's failure to process a grievance is not an atypical or

6

significant deprivation which violates the Constitution. See Black v. Parke, 4 F.3rd 442, 448 (6th Cir. 1993).

The plaintiff's complaint about medical care at the Jail also falls short of supporting a constitutional claim. A violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment occurs when prison officials act with deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). An actionable Eighth Amendment claim has two elements. The first element is an objective one that requires the plaintiff to prove that his medical condition was sufficiently serious. The second element is a subjective component that demands a showing that prison officials acted with a sufficiently culpable state of mind, i.e., deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). Thus, it is well settled that neither negligence nor medical malpractice will support a constitutional claim. See Estelle, 429 U.S. at 106; Walker v. Norris, 917 F.2d 1449, 1454 (6th Cir. 1990); Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985).

Assuming arguendo that the plaintiff's dental condition was sufficiently serious, his claim fails because he cannot show that he was treated with deliberate indifference. It is undisputed that the plaintiff received a course of medical treatment for his dental problems and that neither his condition nor his complaints were ignored. Upon his arrival at the Jail, he was given an intake examination on November 21, 2005, and it was observed that he had "several rotten teeth." See Affidavit of Sealey, Docket Entry No. 14 at ¶ 4. Within a month, he was placed on a list to see a dentist, and on January 5, 2006, he had three teeth extracted, was prescribed pain medication and antibiotics, and was referred to an oral surgeon. Id. at ¶ 6. Two months later, the plaintiff was seen

7

by both the oral surgeon and the dentist regarding his teeth. Id. at ¶¶ 10-12. Two more teeth were extracted and more prescriptions for medication were provided to him. Id.

The plaintiff does not dispute any of these facts. What the plaintiff complains about is that he was not given speedier treatment and that he did not receive "all my pain meds as perscribed (sic)." See Docket Entry No. 18 at ¶ 5. He also complains about problems with his soft diet.

When a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law. Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Judicial intervention is warranted, however, when the medical care is so woefully inadequate as to amount to no treatment at all. Id.

The care provided to the plaintiff can in no way be characterized as woefully inadequate. Consequently, the plaintiff has failed to show that Jail officials were deliberately indifferent to his medical needs. The Eighth Amendment does not guarantee a prison inmate the "optimum or best medical treatment." McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978); Ruiz v. Estelle, 679 F.2d 1115, 1149 (5th Cir. 1982). No reasonable jury could find in the plaintiff's favor on his claim if the claim was allowed to proceed to trial. Anderson, 477 U.S. at 252.

## R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully RECOMMENDS that the Motion for Summary Judgment (Docket Entry No. 11) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge